J-S15017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF VERA GAZAK, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: F. RICHARD GAZAK | : : : : : : : | |
| | : | No. 1215 EDA 2017 |

Appeal from the Decree Entered March 10, 2017
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  488DE of 2015

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                     **FILED OCTOBER 04, 2018**

Appellant, F. Richard Gazak, appeals from the Decree entered March 10, 2017 in the Philadelphia County Court of Common Pleas Orphans' Court granting the Petition to remove him as Administrator C.T.A. of the Estate of Vera Gazak, his deceased mother.  After careful review, we affirm.

We glean the relevant facts and procedural history underlying this appeal from the parties' Briefs, the Notes of Testimony, and the Orphans' Court's Opinion Sur Appeal, dated May 15, 2018.

Vera Gazak suffered from dementia and other ailments.  After Appellant committed various crimes against his mother that resulted in her hospitalization and his arrest, Ms. Gazak was moved to Towne Manor East Health and Rehabilitation Center ("Towne Manor East") to live.  As a condition of Appellant's bail, the court ordered Appellant to have no contact with his mother.  Because Ms. Gazak lacked the ability to care for herself or her

financial affairs, Towne Manor East filed a petition for the appointment of a guardian in September 2013. The court shortly thereafter appointed Rosalind Karlin, Esq., as plenary guardian of the person and estate of Ms. Gazak.

Ms. Gazak left Towne Manor East on April 7, 2014, and was admitted to Holy Redeemer Health Systems d/b/a Lafayette Redeemer ("Holy Redeemer"). On September 9, 2014, she died intestate at Holy Redeemer.

On February 5, 2015, the Philadelphia County Register of Wills raised the Estate and appointed Appellant, the decedent's sole heir, as Administrator of the Estate. Appellant failed to advertise the raising of the Estate as required by 20 Pa.C.S. § 3162.

Attorney Karlin, Towne Manor East, and Holy Redeemer (collectively "Appellees") submitted detailed bills to Appellant and his attorney for payment from the Estate. Each Appellee also filed Notices of Claim with the Orphans' Court as creditors of the Estate.[1] Additionally, in mid-2015, Attorney Karlin sent an inventory and annual report to Appellant and Appellant's attorney. Neither Appellant nor his attorney disputed the claims filed against the estate.

On October 14, 2015, Appellant executed and filed an inheritance tax return with the Commonwealth of Pennsylvania showing estate assets totaling $482,703.82, and claiming Appellees' claims as deductions. The Commonwealth accepted the tax return, and on April 4, 2016, issued a Notice

---

[1] Holy Redeemer filed a claim for $17,180.72; Towne Manor East filed a claim for $27,009.27; and Rosalind Karlin, Esq., filed a claim against the Estate for $9,962.50.

of Inheritance Tax Appraisement, Allowance or Disallowance of Deductions and Assessment of Tax. The Commonwealth granted the tax deductions sought by Appellant for the claims due.

Notwithstanding the tax benefit resulting from the deduction of the claims, the Estate did not pay the claims.

On September 1, 2016, Holy Redeemer filed a Petition for Citation to Show Cause Why the Administrator Should be Removed in accordance with 20 Pa.C.S. §§ 3181, 3182, and 3183 ("Petition for Removal"). The Petition for Removal contended that Appellant improperly administered the estate because (1) he failed to advertise the Estate as required by the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3162, and (2) failed and/or refused to make any payment on the claims owed despite the Estate having sufficient assets. On September 13, 2016, the Orphans' Court awarded the requested Citation. Attorney Karlin and Towne Manor East joined the Petition for Removal and filed Answers with New Matter. Appellant filed an Answer and in his denials questioned the reasonableness of the claims. The court ordered discovery and scheduled a hearing.

On March 7, 2017, the court held a hearing on the Petition for Removal at which Attorney Karlin and Appellant testified. The court admitted into evidence the inheritance tax return as well as letters sent to Appellant's attorney from Appellees and a series of email communications. The court granted the Petition for Removal. On March 10, 2017, the court entered a

Decree removing Appellant as Administrator of the Estate, and directing the Register of Wills to appoint a successor administrator.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) Statement as ordered.[2] The Orphans' Court subsequently filed its Opinion Sur Appeal pursuant to Pa.R.A.P. 1925(a).[3]

In his Brief, Appellant provides the following Statement of the Question Presented:

> Should the Lower court have removed the administrator of the estate when:
>
> a) He is the sole heir;
> b) He has properly disputed creditor claims of Lafayette Redeemer, Town Manor East, and Rosalind Karlin Esq.;
> c) No claim has been made property of the estate would be jeopardized by his continuation as Administrator;

Appellant's Brief at 4 (verbatim).

---

[2] In the Rule 1925(b) Statement, Appellant asserted, *inter alia*, that "[t]he evidence does not support a finding that Holy Redeemer, … Town[e] Manor East, … [and] Rosalind Karin Esq., proved the[ir] claim against the Estate of Vera Gazak as reasonable and necessary services." *See* Statement of Matters Complained of on Appeal, dated May 1, 2017. Appellant also stated that the evidence did not show that Appellant's failure to pay the claims was improper estate administration or that Appellant should be removed as Administrator of the estate. *Id*. at 1-2.

[3] After the Orphans' court filed an initial Pa.R.A.P. 1925(a) Opinion stating that the appeal should be quashed because Appellant had failed to file a docketing statement with this Court, we determined that Appellant's docketing statement had been filed, *albeit* late. We then remanded the case to the Orphans' Court for a Rule 1925(a) Opinion that addressed the merits of the claims raised in Appellant's Rule 1925(b) Statement. The Orphans' Court complied, and the case returned to this panel for our review in June 2018.

As an initial matter, we note that Appellant did not raise in his Rule 1925(b) Statement the issues he now presents to this Court in his Statement of the Question Presented.[4]  Accordingly, the specific issues set forth in his Brief are waived.  **See** Pa.R.A.P. 1925(b)(4)(ii), (vii) (providing that a Rule 1925(b) statement shall "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues" and "[i]ssues not included in the Statement … are waived."); **Commonwealth. v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (reiterating that "any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." (citation omitted)).

To the extent Appellant generally challenges his removal when he states that he "did nothing improper," Appellant's Brief at 9, we note the following. The removal of an executor "is a matter vested in the sound discretion of the trial court, and thus we will disturb such a determination only upon a finding of an abuse of that discretion."  **In re Estate of Mumma**, 41 A.3d 41, 49 (Pa. Super. 2012).  "[A]n abuse of discretion requires proof of more than a mere error of judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on

---

[4] In his Rule 1925(b) Statement, Appellant did not assert that removal was improper because he is the sole heir.  While he raised a challenge to evidence regarding the amounts of Appellees' claims, he did not assert that he had properly disputed the claims.  Further, he raised absolutely no issue in his 1925(b) Statement pertaining to whether there was proof that the estate would be in jeopardy if he remained as Administrator.

bias, ill will, prejudice or partiality." ***Portugal v. Portugal,*** 798 A.2d 246, 249 (Pa. Super. 2002) (quotation marks and citation omitted).

With respect to removal of an administrator from an estate, the Probate, Estates and Fiduciaries Code provides, in relevant part, that the court may remove a personal representative when he or she mismanages the estate, fails to perform any duty imposed by law, or when the interests of the estate are "likely to be jeopardized by his continuation in office." 20 Pa. C.S. §§ 3182(1), (5). Further, a court may summarily order removal of an administrator of an estate "when necessary to protect the rights of creditors or parties in interest." 20 Pa.C.S. § 3183.

In addressing Appellant's claim that his removal was improper, the Orphans' Court provided the following cogent analysis:

> Here, Appellant has failed to take steps to administer the estate. Decedent died on September 9, 2014. Appellant filed the inheritance tax on October 14, 2015, wherein he claimed all debts at issue in this instant case. On April 8, 2015, Ms. Karlin sent Appellant's counsel all of her bills and documentation from the time she served as Decedent's guardian. On April 21, 2015, Towne Manor sent Appellant's counsel an additional notice of the claim. On February 3, 2016, Holy Redeemer sent Appellant's counsel a copy of their billing statements. Despite claiming the debts on the inheritance tax and having all this documentation, Appellant has failed to take any steps to formally dispute or negotiate a compromise of the claims. There was no follow-up by Appellant or his counsel to inform Appellees what specifically was disputed in their claims. Ms. Karlin was simply told that Appellant was not going to pay her bill. She received no response when she inquired as to what specific parts of the bill were in dispute.
>
> Appellant admits that he has done nothing to administer the estate other than speak to his lawyers. He admits that he did not advertise the estate in accordance with Pennsylvania Estates and

Fiduciaries code. He was un[a]ware or unwilling to admit that his attorneys even received the above-referenced documentation. Appellant was given every opportunity to give a rational explanation for disputing the debts at the hearing but he was evasive throughout the hearing. . . . Appellant may have legitimate disputes with the Appellees['] bills in this matter. However, the reasonableness of the bills was not before the Court. The issue is Appellant's unwillingness to address these outstanding matters since Decedent's death in 2014. Even at the hearing he had no plan to address them in the near future nor could he explain specifically what was in dispute. Appellant's concerns centered on not having received documents at his personal address despite being represented by counsel. If Appellant should remain as administrator, it is clear he has no plan of remedying the outstanding estate claims now or at any time in the future.

Opinion *Sur* Appeal, dated May 15, 2018, at 7-8.

Our review of the record, including the Notes of Testimony from the hearing on the Petition for Removal, supports the Orphans' Court's assessment of the evidence and its reasoning for removing Appellant as administrator. Appellant has failed to demonstrate that the court's decision was the result of an abuse of discretion or an error of law. Accordingly, we affirm the Decree granting Appellees' Petition.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/18

- 7 -